

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| CRAIG CARPENITO<br>*United States Attorney*<br><br>R. DAVID WALK, JR.<br>*Assistant United States Attorney* | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856.757.5164<br>401 Market Street, 4th Floor                                   Fax: 856.968.4917<br>Post Office Box 2098<br>Camden New Jersey 08101-2098 |

March 18, 2019

**VIA HAND DELIVERY AND ECF**

The Honorable Ann Marie Donio
United States Magistrate Judge
Mitchell H. Cohen Federal Building
 & Courthouse
4th and Cooper Streets
Camden, New Jersey 08102

          Re:     United States v. William Hickman, et al., Crim. No. 19-191

Dear Judge Donio:

        I write to correct a mistaken statement I made on Friday, March 15, 2019, during the hearings to determine the release conditions of John Sher and Thomas Sher. Your Honor asked whether Michael Sher was restricted from communicating with his brothers as part of his release conditions, and I replied that he was, based on my belief that Judge Kugler had ordered other defendants who pled guilty in this case to have no contact with victims and witnesses. Former Assistant U.S. Attorney Jacqueline M. Carle represented the government at the Michael Sher plea hearing.

        After the hearing, counsel for Michael Sher told me, and I have no reason to question his representation, that Judge Kugler orally directed Michael Sher not to discuss the case with the family members who are witnesses (which would include his brothers John and Thomas) but did not prohibit all contact with them. The Order Setting Conditions of Release does not contain a prohibition on talking to family members or witnesses. I apologize for my mistake and for misinforming the Court.

        The government maintains that the release conditions imposed by Your Honor on John and Thomas Sher were appropriate and will be moving to modify Michael Sher's release conditions to harmonize them with his brothers' release conditions. Your Honor imposed conditions appropriate to the current circumstances, which differ greatly from the circumstances presented to Judge Kugler. At that time, Michael Sher admitted his guilt, and his brothers had not yet been charged. John and Thomas Sher now have been charged with conspiring to commit wire fraud and health care fraud with each other and with their brother Michael Sher, and they are contesting their guilt. All the reasons for barring indicted defendants from having any contact with witnesses are present here; the family relationships do not lessen the concern about such contacts. In recognition of the family situation, Your Honor allowed these brothers to have non-case-related contact in the presence of one of their parents, which was an appropriate accommodation of the family's interests and preserves the brothers' ability to communicate

about non-case-related matters. It is in the best interest of John, Thomas and Michael Sher, as well as the proper administration of justice, that they should be barred from having any unsupervised contacts until this case is resolved.

    Once again, my apologies for giving erroneous information to the Court.

    Respectfully,

CRAIG CARPENITO
United States Attorney

*/s/ R. David Walk, Jr.*

By:  R. DAVID WALK, JR.
      ALYSON M. OSWALD
Assistant United States Attorneys

cc:    All counsel (via ECF)