

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

Christina O. Hud     401 Market Street, Fourth Floor     856-757-5026
Assistant U.S. Attorney     Camden, New Jersey 08101

July 8, 2022

Honorable Robert B. Kugler
United States District Judge
Mitchell H. Cohen Federal Building
   & United States Courthouse
Fourth and Cooper Streets
Camden, New Jersey 08102

      Re:     <u>United States v. Christopher Broccoli—*Frye* Colloquy</u>

Dear Judge Kugler:

      The United States respectfully submits this letter to request that the Court conduct an inquiry pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012) in advance of trial.

      As this Court is aware, the Supreme Court in *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance. Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id*. at 1408-09 (emphasis added).

      In this case, the Government made three formal plea offers to defendant Christopher Broccoli, which were transmitted through defense counsel. The dates of the

plea offers were June 21, 2018, September 13, 2019, and August 18, 2020.[1]  The defendant did not accept any of these plea offers.

In light of the Supreme Court's decision in *Frye*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from claiming that counsel failed to convey and advise him about these plea offers made by the Government, and to make a sufficient record that counsel fulfilled those obligations. Specifically, the Government suggests that, after it sets forth on the record that formal plea offers were sent to defense counsel, the Court ask defense counsel the following questions:[2]

Questions for Defense Counsel:

1.  Did you receive a copy of a letter dated June 21, 2018 that memorialized a plea offer previously made to your client?

2.  Recognizing that you were not counsel of record at the time that plea offer was extended to your client, did you nevertheless review a copy of that letter memorializing a prior plea offer with your client?

3.  Is it your understanding that your client rejected that prior plea offer dated June 21, 2018?

4.  When you were counsel of record, did you receive copies of letters dated September 13, 2019 and August 18, 2020 that memorialized plea offers made to your client?

5.  Did you review copies of those letters memorializing plea offers with your client?

6.  Did you have a sufficient opportunity to discuss those plea offers with your client?

7.  Is it your understanding that your client rejected those proposed plea offers?

---

[1]  The June 21, 2018 plea agreement was transmitted to Broccoli's prior counsel, Richard Q. Hark, Esq.  The September 13, 2019 and August 18, 2020 were transmitted to Broccoli's current counsel, Mark Catanzaro, Esq.  A copy of the June 21, 2018 plea offer was provided to current counsel on July 7, 2022.

[2]  To ensure compliance with the prohibition against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offers.

If defense counsel answers "yes" to all these questions, the Government suggests that the Court address the defendant as follows:

*I am going to ask you some questions.  Do not disclose any communications with your attorneys.  Do not tell me the terms of any plea offer made by the Government.  The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial.  When I ask you these questions, please give me a "yes" or "no" answer to each question—nothing more.*

## Questions for Defendant Christopher Broccoli

*The June 21, 2018 Plea Agreement*:

1. Did you receive a proposed plea agreement dated June 21, 2018?

2. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

4. Did you, in fact, reject the proposed plea agreement dated June 21, 2018?

*The September 13, 2019 Plea Agreement*:

5. Did you receive a proposed plea agreement dated September 13, 2019?

6. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

7. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

8. Did you, in fact, reject the proposed plea agreement dated September 13, 2019?

*The August 18, 2020 Plea Agreement*:

9. Did you receive a proposed plea agreement dated August 18, 2020?

10. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

11.     Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

12.     Did you, in fact, reject the proposed plea agreement dated August 18, 2020?

* * *

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* problems without compromising or intruding upon the attorney-client relationship.

Respectfully Submitted,

_____
CHRISTINA O. HUD
DESIREE GRACE
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

cc:     Mark Catanzaro, Esq.