UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler |
| v. | : | Crim. No. 19-191-7 |
| CHRISTOPHER BROCCOLI | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| | : | MONEY JUDGMENT |

WHEREAS, on or about July 28, 2022, pursuant to a plea agreement with the United States, defendant Christopher Broccoli pleaded guilty to a one-count Superseding Information which charged him with conspiring to defraud a health care benefit program, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit all property, real and personal, obtained by the defendant that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense in Count 1 to which he agreed to plead guilty, which the defendant agreed was $150,315.19 ("the Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding;

1

and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offense to which the defendant has pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. Upon the defendant's concession, or a showing by the United States that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $150,315.19. A Money Judgment in the amount of $150,315.19 is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7) and (b), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street,

7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Upon the defendant's concession, or a showing by the United States that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, all payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6. This Order shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $150,315.19.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 28 day of July, 2022.

_____
HONORABLE ROBERT B. KUGLER
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

_____                Dated: July 25, 2022
CHRISTINA O. HUD
DESIREE L. GRACE
Assistant United States Attorneys

_____                Dated: 7/28/2022
MARK CATANZARO, ESQ.
Attorney for Defendant

_____                Dated: 7/28/2022
CHRISTOPHER BROCCOLI
Defendant

4